CAUSE NO. CL-22-3000-H

| | | |
|---|---|---|
| ALBINO V. GARCIA, <br> Plaintiff <br><br> VS. <br><br> AMERICAN SAVINGS LIFE <br> INSURANCE COMPANY AND <br> SUBSTITUTE TRUSTEE <br> CONNIE COBB, <br> DEFENDANTS | § § § § § § § § § § § | IN THE COUNTY COURT <br><br> AT LAW NO. 8 <br><br> [FILED STAMP: AT 8:27 O'CLOCK, JUL 2 8 2022, ARTURO GUAJARDO JR., COUNTY CLERK, COUNTY COURT AT LAW NO. 8 OF HIDALGO CO.] <br><br> HIDALGO COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION TO SET ASIDE FORECLORE AND REQUEST FOR TEMPORARY RESTRAINING ORDER AND FOR DECLARATORY JUDGMENT AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, ALBINO V. GARCIA, Plaintiff in the above styled and numbered case, complaining of AMERICAN SAVINGS LIFE INSURANCE COMPANY AND CONNIE COBB, as substitute trustee, and their assigns, agents, and representatives requesting injunctive relief and for a declaratory judgment relief, and would respectfully show unto the Court the following:

### I.
### CASE LEVEL

Plaintiff believes that this case qualifies as a Level II case and discovery should be conducted as such.

### II
### PARTIES

Plaintiff, ALBINO V. GARCIA, is a natural person who is a resident of Hidalgo County, Texas.

Defendant, AMERICAN SAVINGS LIFE INSURANCE COMPANY, is a seemingly duly organized company licensed to conduct business in the State of Texas and regularly conducts business within the County of Hidalgo and may be served with process and/or certified mail in accordance with the Texas Rules of Civil Procedure by serving its assigns, agent, trustee, representatives, or attorney of record, to wit: CONNIE COBB, 14800 Landmark Blvd., Suite 850, Addison, Texas 75254.

Defendant, CONNIE COBB, as substitute trustee, is an individual and resides in Texas that regularly conducts business within the County of Hidalgo and may be served with process and/or certified mail in accordance with the Texas Rules of Civil Procedure at 14800 Landmark Blvd., Suite 850, Addison, Texas 75254, or anywhere substitute trustee may be found.

### III

### JURISDICTION AND VENUE

This court has jurisdiction to hear this case.

Venue is proper in Hidalgo County, Texas because the real property in question is situated in Hidalgo County, and because Plaintiff's cause of action or a part thereof accrued in Hidalgo County, Texas.

### IV.

### FACTS

A. On or about June 03, 2019, Plaintiff executed a promissory note in the original principal amount of Five Hundred Thousand and no cents ($500,000.00) U. S. Currency.

B. The promissory note called for Plaintiff to make monthly payments in the amount of about Seven Thousand, Eight Hundred Dollars ($7,800.00) U. S. Currency, including taxes and insurance.

C. Plaintiff, as collateral, granted by deed of trust a security interest in real property legally described as follows:

Tract 1:

**LOTS TWELVE (12) AND TWENTY-FOUR (24), NICK GARZA SUBDIVISION, HIDALGO, TEXAS, AS PER MAP OR PLAT RECORDED IN VOLUME 21, PAGE 58, MAP RECORDS OF HIDALGO COUNTY, TEXAS, TO WHICH REFERENCE IS HEREBY MADE FOR ALL PERTINENT PURPOSES.**

Tract II:

**LOTS ELEVEN (11) AND TWENTY-THREE (23), NICK GARZA SUBDIVISION, HIDALGO, TEXAS, AS PER MAP OR PLAT RECORDED IN VOLUME 21, PAGE**

**58, MAP RECORDS OF HIDALGO COUNTY, TEXAS, TO WHICH REFERENCE IS HEREBY MADE FOR ALL PERTINENT PURPOSES.**

Said property is known locally as 403 Palms Vista Drive, Palm View, Hidalgo County, Texas 78572.

## VI.
## FACTS

D. Defendants posted Plaintiff business homestead for foreclosure for October 5, 2021, for 10:00 a.m.

E. On that same day Defendant filed for bankruptcy. (Exhibit A is a true and correct copy of Plaintiff Petition for Filing for Bankruptcy and it is incorporated by reference as if fully copied herein.) Plaintiff filed at exactly 9:33 a.m. on October 5, 2021.

F. The statute is clear that any foreclosure that occur after a bankruptcy if is filed is declared void. Filing for Chapter 7 or 13 bankruptcy automatically triggers the stay. No additional action is required for the automatic stay to go into effect. This issue has never been addressed by any courts.

D. Plaintiff will have an irreparable injury and/or has no adequate remedy at law unless this Honorable Court grants a Temporary Restraining Order against AMERICAN SAVINGS LIFE INSURANCE COMPANY AND CONNIE COBB, as substitute trustee, and their assigns, agents, and representatives.

## VII.
## DESIGANATION OF SUBSTITUTE TRUSTEE

The Appointment of Substitute Trustee was not filed within the 21 days required by the Property Code. Furthermore, there are numerous possible substitute trustees that would oversee conducting the sale. The statute requires that a specific substitute trustee be appointed and that the name and a street address for a trustee shall disclosed on the notice.

## VI.
## LACK OF STANDING

Plaintiff does not believe that the entity that is foreclosed on this property had the authority to foreclose on decedent's homestead. Plaintiff is requesting that Defendant show documentation that Defendant had the authority to foreclose on decedent's property

## VII.

## THE BREACH LETTER

Texas deeds of trust contain a clause that requires the lender to send notice, which is often called a breach or demand letter, informing Plaintiff that their loan is in default before it can accelerate the loan and proceed with foreclosure.

The letter must specify:
- the default,
- the action required to cure the default,
- a date of usually not less than 30 days from the date the notice is given to the borrower by which the default must be cured, and
- that failure to cure the default on or before the date specified in the notice may result in acceleration of the debt and sale of the property.

From information and belief, Defendants did not comply with the requirements pursuant to the Texas Property Code. Furthermore, Plaintiff will have an irreparable injury and/or have no adequate remedy at law unless this Honorable Court grants a Temporary Restraining Order against Defendants

## VII.

## APPLICATION FOR A TEMPORARY RESTRAINING ORDER

Inter alia, Plaintiff invokes §65.011 of the Texas Civil Practice and Remedies Code in that Plaintiff is being irreparably injured or threatened ownership of real property belonging to Plaintiff irrespective of any remedy at law and could possibly be threatened with eviction.

Plaintiff is requesting that the court to set aside the sale of trustee as the ultimate request and prevent the Defendants from selling to an innocent bona fide purchaser for valuable consideration.

It is most probable that Plaintiff will prevail and recover from Defendant after a trial on the merits in that Defendant has wrongfully foreclosed. Plaintiff will be irreparably harmed in that no amount of damages may be granted to compensate for his loss. First, land is unique.

Plaintiff is able, willing, and ready to post a bond that the court will justly require.

Defendant are enjoined from performing the following acts:

1. Entering the premises located at 403 Palms Vista Drive, Palm View, Hidalgo County, Texas 78572.

2. Forcibly removing Plaintiff Ricky Guillory and/or the personal property from the premises located at 403 Palms Vista Drive, Palm View, Hidalgo County, Texas 78572.

3. Taking any action and/or affirmative steps to remove Plaintiff and/or the family from the premises located at 403 Palms Vista Drive, Palm View, Hidalgo County, Texas 78572.

4. Enforcing any court judgment and/or writ of possession with respect to the premises located at 403 Palms Vista Drive, Palm View, Hidalgo County, Texas 78572.

5. And/or any other acts that will tend to interfere with Plaintiff's occupation and/or enjoyment of the premises located at 403 Palms Vista Drive, Palm View, Hidalgo County, Texas 78572, including the foreclosure of said property as scheduled.

6. Taking any step to foreclose for the sales of the property if no foreclosure has taken place.

## VIII

### REQUEST FOR TEMPORARY INJUNCTION

Plaintiff requests the court to set the application for temporary injunction for a hearing and after the hearing, issue a temporary injunction against Defendants. Plaintiff, at the hearing, will present testimony and evidence of the allegations in the affidavit to prove his right for a temporary injunction.

From information and belief, all necessary parties will be present at the hearing which would include all indispensable parties.

## IX.

### CAUSES OF ACTION

Plaintiff hereby brings the causes of action which are breach of contract, wrongful foreclosure, unjust enrichment, negligence, negligence per se, gross negligence, breach of duty by trustee, fraud, consumer protection and breach of rights prescribed by the Texas Property Code.

## X.

### DEMAND FOR JURY

Plaintiff demands a trial by jury and the appropriate fees have been tendered.

## XI.

All conditions precedent have been met for relief or have been performed. A lis pendens will be filed.

## XII.
## REQUEST FOR DISCLOSURE

Plaintiff requests that within 50 days from service of this application, Defendant disclose all material described in Rule 194.2 of the Texas Rules of Civil Procedure to include reinstatement amount and payoff due on the note.

## XIII.
## OBJECTION TO ASSOCIATE JUDGE

Plaintiff objects to the referral to an associate judge to this case.

## XIV.
## REQUEST FOR REASONABLE ATTORNEY FEES

Plaintiff had to hire the Law Office of Juan Angel Guerra, a duly licensed attorney in the State of Texas, to bring this suit. Plaintiff requests reasonable attorney fees as allowed by Chapter 38 of the Texas Civil Practice and Remedies Code, with also a contingency for appeal.

## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiff asks that Defendants be cited to appear and answer herein and that final trial, that Plaintiff be awarded judgment against Defendants for the following:

1. That a Temporary Restraining Order ex parte, be issued without notice that the court set up a bond, to restrain Defendants from selling the property to a third party and to evict Plaintiff from the property as stated in Paragraph VII, to include all acts being precluded Defendants to do.
2. That a temporary injunction be issued as the extension of the temporary restraining order and that Defendant be enjoined from selling the property to a third party and from evicting Plaintiff from property during the pendency of the trial;
3. That the substitute trustee acted without proper authority and outside the perimeter of the law;
4. That upon final hearing, the court declare the sale, if any, was not conducted according to law, therefore, it is null and void;

5. That Plaintiff recovers actual and exemplary damages including.
6. That Plaintiff be awarded pre and post judgment interest;
7. That Plaintiff be awarded court costs;
8. That Plaintiff be awarded attorney fees with a contingency if there is an appeal; and
9. Any other relief at law or equity that Plaintiff may show himself justly entitled to receive.

Respectfully submitted,

ALBINO V. GARCIA Pro SE
403 Palms Vista Drive,
Palm View, Texas 78572
956-529-2993
avfurniture@hotmail.com